# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# (Western Division)

| | |
|---|---|
| CHRISTOPHER SHANNO, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | (Law) |
| NEBRASKA DISTRIBUTING ) | |
| COMPANY, d/b/a PREMIER MIDWEST ) | |
| BEVERAGE, COMPANY, a Nebraska ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Christopher Shanno, for his Complaint against the Defendant, states and alleges as follows:

## PARTIES

1. Plaintiff, Christopher Shanno ("Plaintiff"), is a resident of Crescent, Pottawattamie County, Iowa.

2. Defendant, Nebraska Distributing Company d/b/a Premier Midwest Beverage Company ("Premier"), is a Nebraska corporation transacting business in the State of Iowa.

## JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

4. Plaintiff timely filed discrimination charges against Premier with the Iowa Civil Rights Commission ("ICRC") and the Equal Employment Opportunity Commission ("EEOC"). On January 28, 2014, a Notice of Right to Sue Letter was issued by the EEOC, and on January 29, 2014, the ICRC issued a Right to Sue Letter, as to Plaintiff's charge

of discrimination against Premier. Copies of those letters are attached hereto as Exhibits "A" and "B" respectively and are incorporated herein by this reference. Plaintiff has filed this suit within 90 days of the EEOC's issuance of the Notice of Right to Sue Letter, and within 90 days of the ICRC's issuance of the Right to Sue Letter. Accordingly, Plaintiff has satisfied all jurisdictional and administrative prerequisites to the filing of this Complaint.

5. Venue is proper pursuant 28 U.S.C. § 1391(b)(2). This is the judicial district where a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred.

## BACKGROUND

6. In January of 2007, Premier hired Plaintiff to work as a Route Delivery Driver responsible for delivering alcoholic beverages to retail locations throughout the Council Bluffs, Iowa area.

7. On or about February 5, 2012, Plaintiff suffered from an inquinal hernia during the course of his employment with Premier and was required to seek emergency medical treatment. Because the injury was work-related, Plaintiff notified Premier of the claim and subsequently completed the necessary workers' compensation paperwork.

8. Thereafter, Premier and its workers' compensation carrier, Travelers, denied Plaintiff's workers' compensation claim resulting in Plaintiff having to file a lawsuit in the Nebraska Workers' Compensation Court to assert his statutory rights to benefits.

9. Eventually, Plaintiff underwent surgery to repair the hernia and was granted a two-month leave of absence to recover from the same.

10. On April 3, 2012, while the worker's compensation lawsuit was pending, Plaintiff was released to return to work and resumed his regular job duties. Plaintiff

continued to work for Premier without incident until September of 2012 at which time Plaintiff again required emergency medical treatment and diagnosed with a left pelvic hernia. Due to the resulting work restrictions, Premier granted Plaintiff a leave of absence until such time as he could perform his regular work duties.

11.   Shortly after his leave began, Plaintiff contacted Premier's HR Department and requested that he be assigned job duties that complied with his work restrictions. In response, on September 24, 2012, Premier's HR department emailed Plaintiff and stated the following:

> Since this injury is related to the claim filed Feb 2012 which was denied by Travelers as workers compensation. As we discussed on the phone today, we will not be able to accommodate restrictions at this time.

12.   On or about April 9, 2013, Premier and its workers' compensation carrier agreed to settle Plaintiff's lawsuit pending in the Nebraska Workers' Compensation Court.

13.   On May 6, 2013, just weeks after the settlement of Plaintiff's workers' compensation lawsuit, Premier terminated Plaintiff's employment under the guise that it could not accommodate Plaintiff's work restrictions. At no time did Premier engage in any type of interactive process to determine whether Plaintiff could perform the essential functions of his job, with or without any reasonable accommodations. Instead, Premier retaliated against Plaintiff and terminated his employment because he asserted statutory rights to workers' compensation benefits which resulted in a settlement of his claim.

14.   Following his termination, Plaintiff and representatives of Premier, including its President, met and discussed whether alternative employment positions within Premier were available. Premier and its representatives agreed to look for jobs within the company

that Plaintiff could perform, but then ignored Plaintiff and never contacted him again as promised regarding available jobs.

## FIRST CAUSE OF ACTION
### (American with Disabilities Act, as amended - 42 U.S.C.A. § 12101 et seq.)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 14, as if fully set forth herein.

16. Premier is an "employer" as defined by 42 U.S.C.A. § 12111(5)(A).

17. Plaintiff was an "employee" of Premier as defined by 42 U.S.C.A. § 12111(4).

18. Plaintiff is a "qualified individual" as defined by 42 U.S.C.A. §12111(8).

19. Plaintiff is otherwise qualified, with or without reasonable accommodations, to perform the essential functions of the employment position he held with Premier.

20. Beginning on or about September 24, 2012, Premier discriminated against Plaintiff in violation of the American with Disabilities Act, as amended, by failing to engage in any type of interactive process to determine whether Plaintiff was capable of performing the essential functions of his job, with or without reasonable accommodations, and by denying Plaintiff reasonable accommodations.

21. On or about May 6, 2013, Premier discriminated against Plaintiff in violation of the American with Disabilities Act, as amended, by terminating Plaintiff's employment because of an actual or perceived disability.

22. Following his termination, Premier subsequently agreed to look for jobs within the company that Plaintiff could perform, but then ignored Plaintiff and never contacted him again as promised regarding available jobs.

23. Premier's violations of the American with Disabilities Act, as amended, has proximately caused Plaintiff to suffer special damages consisting of lost wages, plus general damages.

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and for such other amounts as allowed by law.

## SECOND CAUSE OF ACTION
### (Wrongful Discharge- Violation of Iowa Public Policy)

24. Plaintiff incorporates paragraphs 1 through 23 of his Complaint as if fully set forth herein.

25. Plaintiff engaged in protected activity when he asserted his statutory rights to workers' compensation benefits and filed a lawsuit after Premier and its workers' compensation carrier denied his claim.

26. Plaintiff was unlawfully terminated by Premier while engaging in protected activity under the pretext that Premier could not accommodate his work restrictions. Terminating one's employment due to the filing of a workers' compensation claim violates the recognized public policy behind I.C.A. § 85.18.

27. As a direct and proximate result of Premier's unlawful termination, Plaintiff has suffered damages, including lost wages and benefits he would have received if still employed, front pay, and he has experienced emotional distress.

WHEREFORE, Plaintiff requests that judgment be entered in his favor in an amount to be determined at trial, encompassing back pay, front pay, compensatory damages,

5

emotional distress damages, punitive damages, costs, and for such other amounts as allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues in Council Bluffs, Iowa.

CHRISTOPHER SHANNO, Plaintiff

By:  /s/ Patrick M. Flood
Patrick M. Flood,  #9722
HOTZ, WEAVER, FLOOD & BREITKREUTZ
444 Regency Parkway Drive, Suite 310
Omaha, Nebraska 68114
(402) 397-1140
(402) 397-1199 (facsimile)
Attorney for Plaintiff